UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. DYKES-BEY,<br>                      Plaintiff,<br>v.<br><br>EMILY CECIL, *et al.*,<br>                      Defendants.<br>_____/ | Case No. 23-11998<br><br>Susan K. DeClercq<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF No. 20) AND GRANTING MOTION FOR CLARITY (ECF No. 24)**

**I.     BACKGROUND**

Plaintiff Robert L. Dykes-Bey filed this *pro se* prisoner civil rights lawsuit on August 10, 2023.  (ECF No. 1).  On September 21, 2023, the District Judge granted Plaintiff's application to proceed *in forma pauperis* ("IFP").  (ECF No. 6). Afterward, all pretrial proceedings were referred to the undersigned.  (ECF Nos. 9, 14).

The complaint alleges Eighth Amendment deliberate indifference claims against all four Defendants for denying Plaintiff his requested diet—a diet that is medically necessary according to Plaintiff.  (*See* ECF No. 1, PageID.11-13, ¶¶ 26-31).  Aside from the direct Eighth Amendment claim against Defendant Heidi Washington, the complaint names Defendant Washington on a supervisory theory of liability for implementing the "polic[ies] and procedures" under which

Defendants Wellman and Cecil allegedly and unconstitutionally denied Plaintiff's requested diet. (*See id.* at PageID.13, ¶ 31). Plaintiff also alleges that Defendant Kelly Wellman violated the Equal Protection Clause of the Fourteenth Amendment.[1] (*See id.* at PageID.12, ¶ 29).

Plaintiff moves this Court for the appointment of counsel to assist in the prosecution of his deliberate indifference claims. (*See* ECF No. 20, PageID.83-84). He has also sought clarification on this Court's Order requiring Defendant's response to Plaintiff's motion to compel. (*See* ECF No. 24 (regarding Plaintiff's motion); ECF No. 22 (regarding the Court's Order)). For the following reasons, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE** and his motion for clarification is **GRANTED**.

## II.   ANALYSIS

### A.   Plaintiff's Motion to Appoint Counsel (ECF No. 20)

In his request for appointed counsel, Plaintiff advances five arguments in support of his position. (*See* ECF No. 20, PageID.84). Imploring the Court to exercise discretion in his favor, Plaintiff argues that appointed counsel is warranted because: (1) Plaintiff is indigent and proceeding IFP; (2) Plaintiff's deliberate

---

[1] Plaintiff spells this Defendant's first name as "Kelley" throughout the complaint. (*See* ECF No. 1, PageID.1). Defense counsel spells Defendant's first name as "Kelly." (*See* ECF No. 12, PageID.52). As counsel represents Defendant Wellman, the undersigned will use the latter spelling.

indifference claims are legally complex, will require expert witness testimony, and the effective cross-examination of opposing expert witnesses; (3) Plaintiff lacks medical knowledge and cannot professionally articulate his Eighth Amendment claim from a "medical . . . standpoint"; (4) Plaintiff only has a GED; and (5) Plaintiff will not be able to establish the objective prong of his Eighth Amendment claims.[2] (*See id.*). Because none of these arguments are compelling, the motion is **DENIED WITHOUT PREJUDICE**.

Unlike in the criminal context, there is no constitutional right to the appointment of counsel in civil cases. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). Even so, federal courts may appoint counsel to represent an indigent plaintiff under 28 U.S.C. § 1915(e)(1). *See Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Courts will do so only where exceptional circumstances exist or in certain cases only after the resolution of a dispositive motion. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It [appointed counsel] is a privilege that is justified only by exceptional circumstances."). When assessing whether exceptional circumstances exist, courts consider the type of case involved,

---

[2] An Eighth Amendment deliberate indifference claim consists of two parts. *See Rhodes v. Michigan*, 10 F.4th 665, 673-74 (6th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The objective prong which Plaintiff references requires the complainant to establish that the deprivation of medical care must be "objectively, sufficiently serious." *Id.* (internal quotation and citation omitted). The subjective prong requires the plaintiff to show that the defendant acted with "deliberate indifference to inmate health or safety." *Id.* (internal quotation and citation omitted).

Plaintiff's ability to represent himself, the complexity of the case, and whether the claims presented in the complaint are frivolous or have little likelihood of success. *See Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's request for appointed counsel relates solely to his Eighth Amendment claims. Despite Plaintiff's assertion that his Eighth Amendment claims are legally complex, this Court has repeatedly held otherwise with respect to deliberate indifference claims for inadequate medical treatment. *See, e.g.*, *Vinson v. Fair*, No. 24-12003, 2024 WL 4437633, at *4 (E.D. Mich. Oct. 7, 2024) (citing *Johnson v. Gentry*, No. 17-01671, 2021 WL 9409168, at *2 (D. Nev. July 7, 2021)); *Sedore v. Wyckoff*, No. 21-12935, 2023 WL 2394522, at *1 (E.D. Mich. Mar. 7, 2023) (citing *West v. Choge et al.*, No. 21-10225, 2021 WL 510229 (E.D. Mich. Feb. 11, 2021)).

Similarly deficient are Plaintiff's arguments related to his indigency and lack of legal or medical knowledge. The difficulties a prisoner-litigant may have in preparing a case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, No. 1:07-cv-076, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Langworthy v. Tuck*, No. 23-cv-13016, 2024 WL 3251275, at *3 (E.D. Mich. July 1, 2024) ("An exceptional circumstance goes beyond relatively

4

routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.") (internal quotation and citation omitted).

Plaintiff is also fully able to represent himself. Though the litigation in this case is not extensive, Plaintiff has ably represented himself as evinced by his complaint and motion practice. And Plaintiff is a serial litigator with a fairly impressive record of *pro se* litigation. More than once, he has represented himself before the Sixth Circuit, even prevailing in one instance. *See e.g.*, *Dykes-Bey v. McRoberts et al.*, No. 16-1228, 2016 WL 11618608 (6th Cir. Sept. 13, 2016) (granting remand for Plaintiff's equal protection claim); *Dykes v. Fuller et al.*, No. 19-2243, 2020 WL 6257023 (6th Cir. July 10, 2020) (affirming summary judgment for defendants); *Dykes-Bey v. Finco et al.*, No. 20-1624, 2021 WL 2767584 (6th Cir. Feb. 2, 2021) (same). Plaintiff even has experience litigating deliberate indifference claims under the Eighth Amendment, again with a modicum of success. *See e.g.*, *Dykes v. Corizon, Inc. et al.*, No. 2:22-cv-00113, 2023 WL 2667496 (W.D. Mich. Feb. 13, 2023), *report and recommendation adopted*, 2023 WL 2665407 (W.D. Mich. Mar. 27, 2023) (denying defendants' motion for summary judgment on Plaintiff's deliberate indifference claim related to denied meal requests); *Dykes-Bey v. Finco*, 2:17-cv-00209, 2020 WL 5351068, at *4-5 (W.D. Mich. May 15 , 2020), *report and recommendation adopted*, 2020 WL 3263728 (W.D. Mich. June 17, 2020) (granting summary judgment for defendants

5

on deliberate indifference claim). In one instance, Plaintiff was the named plaintiff among thirteen others in a case that included a deliberate indifference claim. *See Dykes-Bey et al. v. Washington et al.*, No. 2:20-cv-64, 2020 WL 5228990 (W.D. Mich. Sept. 2, 2020). And that case also ultimately came before the Sixth Circuit where Plaintiff again represented himself. *See Dykes-Bey v. Washington et al.*, No. 21-1260, 2021 WL 7540173 (6th Cir. Oct. 14, 2021).

Lastly, Plaintiff's request for appointed counsel is premature. It is the practice of this Court not to appoint counsel until the plaintiff has prevailed on a dispositive motion—such as a motion for summary judgment or motion to dismiss—that tests the merits of the claims presented. *See Vinson*, 2024 WL 4437633, at *4 (citing *Bradley v. Smith*, No. 22-11457, 2024 WL 4179154, at *2 (E.D. Mich. May 24, 2024)); *West*, 2021 WL 510229, at *1 (E.D. Mich. Feb. 11, 2021) (citing *Weatherspoon v. Dinsa*, No. 2:14-cv-12756, 2015 WL 5634448, at *6 (E.D. Mich. Sept. 25, 2015)).

In all, Plaintiff's case does not present extraordinary circumstances that warrant appointed counsel. If the Plaintiff experiences substantial difficulties that require more time to file briefs or motions or to conduct discovery, he may file a motion to extend the deadline explaining the relief he seeks and why he is entitled to that relief. That said, should extraordinary circumstances arise or Plaintiff

6

prevail on a dispositive motion, then Plaintiff may file a new motion for appointed counsel at that time.

  B. <u>Plaintiff's Motion for Clarity (ECF No. 24)</u>

Plaintiff moved to clarify a recent Order directing Defendants to respond to his motion to compel. The motion is **GRANTED**. That Order contained a couple of typos that are clarified here: Defendants were required to respond, not Plaintiff, and their response was due December 23, 2024, not December 3, 2024. Defendants filed a timely response on December 23, 2024. (ECF No. 23). Plaintiff's reply, if he chooses to file one, is due January 6, 2025.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 2, 2025                    s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 2, 2025.


                                         s/Sara Krause
                                         Case Manager
                                         (810) 341-7850

8